IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL B. DORSEY  \*
1245 ½ Duncan Place, NE
Washington, DC 20002  \*

      Plaintiff,  \*  Civil Action No. _____

v.  \*

AMERICAN EXPRESS COMPANY  \*
a New York corporation
200 Vesey Street  \*
New York, New York 10285,

      \*

and

      \*

CITIBANK
a Delaware corporation  \*
399 Park Avenue
New York, NY 10043  \*

      Defendants.  \*

## NOTICE OF REMOVAL OF ACTION FROM D.C. SUPERIOR COURT TO U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Defendant American Express Company ("American Express" or "Defendant"), by counsel, Quagliano & Seeger, P.C., and pursuant to 28 U.S.C. §1441, et seq., removes this matter to the United States District Court for the District of Columbia. As grounds therefore, Defendant states as follows:

1. Plaintiff filed his Complaint in the Superior Court for the District of Columbia, C.A. NO. 07-2550 B, Judge Judith Bartnoff, on April 10, 2007 and served Defendant by certified mail on April 17, 2007.

2. Plaintiff is proceeding *pro se*. The Complaint appears to contain one count

1

against Defendant American Express and one count against Defendant Citibank. The Complaint seeks compensatory damages in the amount of $250,000 and that Plaintiff's credit standing which became negative allegedly as a result of Defendants' actions become restored. American Express vigorously opposes Plaintiff's claims and contests liability.

3.  As set forth in the caption of the Complaint, Plaintiff is a resident of the District of Columbia. Defendant American Express is a New York corporation with its principal place of business in New York City, New York. Upon information and belief, Defendant Citibank is a Delaware corporation with its principal place of business in New York City, New York.

4.  This Court has original jurisdiction in this matter under diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different states.

5.  This action is removable under 28 U.S.C. §1441(b) as neither Defendant is a citizen of the District of Columbia.

6.  A copy of the Complaint, Summons and Initial Order, all the pleadings served upon American Express in the D.C. Superior Court action, as well as Defendant's Answer, is attached hereto, in accordance with 28 U.S.C. § 1446(a). A copy of the Notice of Removal to be filed with the D.C. Superior Court is attached hereto.

WHEREFORE, Defendant American Express Company respectfully requests that this action be, and hereby is removed from the Superior Court for the District of Columbia, to the United States District Court for the District of Columbia.

Respectfully submitted,

QUAGLIANO & SEEGER, P.C.

By: /s/ Julie Quagliano
Julie Quagliano, DC Bar #393428
Lakeside at Loudoun Tech Center III
21355 Ridgetop Circle
Suite 110
Dulles, Virginia 20166
Phone: (571) 434-7590
Fax: (571) 434-9006
Email: quagliano@quagseeg.com

**Counsel for Defendant American Express Company**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first class postage prepaid, on May 10, 2007, to:

Michael B. Dorsey
1245 ½ Duncan Place, NW
Washington, DC 20002

**Pro Se Plaintiff**

Citibank
c/o CT Corporations System
1225 Connecticut Avenue, NW
Washington, DC 20036
Attn: Marcella Martin, Operations Manager

**Defendant**

/s/ Julie Quagliano
Julie Quagliano



Superior Court of the District of Columbia

CIVIL DIVISION
500 Indiana Avenue, N. W.
Washington, D. C. 20001   Telephone 879-1133

* * * * * * * * * * * * * * * * * * * * * * * *

Michael B. Dorsey, Plaintiff, Pro Se        Citibank, Defendant
1245 1/2 Duncan Place, N. E.                AKA, C.T. Corporations System
Washington, D. C. 20002                     1225 Connecticut Avenue, N. W.,
(202) 546-8902                              Washington, D. C. 20036
                                            Serve Marcella Martin,
                                            Operations Manager

RECEIVED
Civil Clerk's Office
APR 1 0 2007
Superior Court of the
District of Columbia
Washington, D.C.

vs.

American Express Company, Defendant      *
1015 15th Street, N. W., Suite 1000
Washington, D. C. 20005                  *   CA. No _____ 0002550-07

Serve Operations Manager                 *

* * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

### Prefatory Remarks

The defendants in this case, although did not conspire, caused harm to the plaintiff when they, American Express and Citi Bank, utilized tactics that benefited their organizations, and were unnecessary and caused the plaintiff to lose use of his American Express card, whereas the plaintiff would not have if the defendants engaged in fair practices.

Both defendants breached a fiduciary obligation to the plaintiff, as noted in the charges below, when they caused harm to him and caused derogatory actions on his American Express Card. Defendant Citi Bank erred when it refused to properly and timely transfer $1500 to American Express; and defendant American Express erred when it functioned with a convoluted, amphibolous and confusing explanation of the so-called "no pre-set limit," and failure to properly define standards for good-standing and payment expectations. The plaintiff made diligent efforts to resolve the matter with both defendants as Ms. Fornia of the president's office at Citi Bank promised that any further communications would be ignored by placing in a file with no additional action; and Mr. Diaz of the legal division of American Express said that it was during the Christmas season

-2-

and many employees were not available, and that he would communicate later – but never gave another response.

## Complaint Specifications

### I
### Defendant American Express

Defendant American Express utilized numerous tactics that deceived the plaintiff and devised convoluted methods of not adequately promulgating its policies regarding loan disclosure and the terms, "no pre-set limit"; defendant American Express advised the plaintiff that his card was precluded from use and gave no definitive reasoning, as, (1) You did not pay the bill in a timely manner, and you exceeded the limit, and (2) Your payment history one year ago was not according to reasonable standards, although your payments were timely during the past eleven months – we therefore are suspending use of the card. During the period of the experience the plaintiff was late with a payment, although defendant American Express said that the card was not in negative standing because of the late payment, but because of reasons noted above for reasons unknown, did not mention the late payment as the reason for suspending, and later canceling the card.

Although the plaintiff actually made the $1500 payment that was due, he made an additional $500 for the payment due during the period noted above, the card was suspended, and defendant American Express suspended use of the card for the reason citing late or slow payments approximately one year prior, and;

### II
### Defendant Citi Bank

Defendant Citibank promised a payment to American Express would occur forthwith, but issued the payment approximately one week later. Defendant Citibank concealed the delay of the payment to American Express by failing to say that the process could take considerably longer when the transaction occurred and in other communications with the plaintiff, in voice messages from its facility. Defendant Citi Bank knew or should have known that a wire transfer might have required additional time, but failed to divulge it to the plaintiff when he asked on several occasions.

Citibank in addition, profited from holding the $1500 payment from the plaintiff and not submitting it to American Express on behalf of the plaintiff. The delay caused the plaintiff's American Express account to become in bad-standing, and later his American Express Card was cancelled.

-3-

Defendant American Express finally received a total of $2000 from the plaintiff, after Citi Bank tendered $1500, after a self-serving delay, as it promised the electronic transfer would occur within 24 to 48 hours — within two business days. The payment actually occurred approximately five (5) business days after Citi Band received the funds. It was this action by Citi Bank that triggered the actions of defendant American Express.

The unfortunate anomaly of the plaintiff's situation is, (1) He was harmed by both defendants, not due to his own fault, because Defendant Citi Bank actually made an interest-free loan of $1500 when it held funds and failed to disburse to defendant American Express, and (2) Defendant American Express utilized a form of "bait and switch" to lure customers by purporting a "No pre-set limit" practice, which they refused to honor, and claimed a ridiculous explanation. American Express apparently has ceases use of th "no pre-set limit advertising.

### Points and Authorities

Defendants breached bona fide covenants to provide services to the plaintiff, violating basic contract law when they caused his American Express account to become in negative status, <u>Bruun v. Hanson, C.C.A. Idaho</u>, 103 F.2d 685, 699, <u>Reinecke v. Smith, Ill.</u>, 289 U. S. 172, 53 S. Ct. 570, 77 L. Ed. 1109.

### Relief

As the defendants were both guilty of harm to the plaintiff by their predatory practices, and as the plaintiff was adversely harmed by their actions, as he was denied use of the credit card, and as he made a good-faith attempt to address his obligations, he seeks: (A) A total of two hundred fifty thousand dollars, ($250,000) from the two defendants, and; (B) His credit standing that became negative as a result of these actions should become restored.

Michael B. Dorsey, Plaintiff Pro Se

This 10th day of April, 2007

'IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

Michael B. Dorsey
1245 ½ Duncan Pl, NE
D.C. 20002
(202) 250-0597

*Plaintiff*

vs.

Civil Action No. 0002550-07

Citibank
1225 Connecticut Ave, NW
D.C.
and
American Express
1015 13th Street NW, Suite 1000
DC 20005

*Defendant*

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Michael B. Dorsey, se
Name of Plaintiff's Attorney

1245 ½ Duncan Pl, NE
Address
DC 20002

(202) 250-0597
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date 4/10/07

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

MICHAEL B DORSEY
Vs.                                                                    C.A. No.      2007 CA 002550 B
AMERICAN EXPRESS COMPANY

<u>**INITIAL ORDER AND ADDENDUM**</u>

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH BARTNOFF
Date:  April 10, 2007
Initial Conference: 9:30 am, Friday, July 20, 2007
Location:  Courtroom 415
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

MICHAEL B. DORSEY,                        *

    Plaintiff,                           *       Civil Action No. 0002550-07
                                                  CAL __, Judge Judith Bartnoff
v.                                        *

                                                  Next Event: Initial Conference
AMERICAN EXPRESS COMPANY, et al.,   *                 April 10, 2007

    Defendants.                          *

## DEFENDANT AEC'S ANSWER AND GROUNDS OF DEFENSE

Defendant American Express Company ("AEC" or "Defendant"), by counsel, Quagliano & Seeger, P.C., and pursuant to Rule 12 of the D.C. Superior Court Rules of Civil Procedure, files this answer to Pro Se Plaintiff's Complaint as follows. Defendant AEC is in the process of removing this action to federal court, and filing this answer shall not be construed, in any way, as a waiver or its rights, and AEC expressly reserves its right to remove this action to federal court.

### Prefatory Remarks

1. AEC denies the allegations in Paragraphs 1 and 2 of the Complaint as they relate to AEC. AEC has insufficient knowledge to admit or deny the allegations as they relate to Defendant Citibank and, thus, denies the allegations.

### Complaint Specifications

#### I
#### Defendant American Express

2. AEC denies the allegations in Paragraphs 3 and 4 of the Complaint.

#### II
#### Defendant Citi Bank.

3. AEC denies the allegations in Paragraphs 5-8 of the Complaint as they relate to

AEC. AEC has insufficient knowledge to admit or deny the allegations as they relate to Defendant Citibank and, thus, denies the allegations.

### Points and Authorities

4. AEC denies the allegations in Paragraph 9 as they relate to AEC. AEC has insufficient knowledge to admit or deny the allegations as they relate to Defendant Citibank and, thus, denies the allegations.

### Relief

5. AEC denies the allegations in Paragraph 10 as they relate to AEC. AEC has insufficient knowledge to admit or deny the allegations as they relate to Defendant Citibank and, thus, denies the allegations.

6. AEC denies all allegations not expressly admitted herein.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. AEC is not indebted as alleged.

2. Plaintiff has failed to name the proper party defendant; AEC is not the proper party defendant.

3. Plaintiff has failed to state a claim against AEC upon which relief can be granted.

4. Plaintiff's claims are barred by the applicable statute of limitations.

5. Plaintiff's claims are barred because he failed to comply with the terms and conditions of the parties' agreement.

6. Plaintiff's claims are barred because he breached his agreement with American Express.

7. Plaintiff failed to mitigate his damages.

8. Plaintiff's claims fail because Plaintiff was contributorily negligent.

9. Plaintiff's claims are barred by the doctrine of assumption of the risk.

10. Plaintiff's claims are barred by the doctrine of unclean hands.

11. Plaintiff has failed to satisfy the conditions precedent to filing suit.

12. Plaintiff's claims are subject to credits, recoupment and/or set-off.

13. Plaintiff's claims are barred because Plaintiff failed to act in a prudent and reasonable manner in reviewing the monthly statements from American Express and in the way Plaintiff's handled and maintained his credit cards and accounts.

14. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

15. Defendant reserves the right to assert all defenses that may be available based upon facts as they become known through discovery or during any trial of this matter.

WHEREFORE, Defendant respectfully request that Plaintiff's complaint be dismissed with prejudice; that Defendant be awarded his costs and expenses, including reasonable attorneys' fees in defending this action; and for other or further relief that this Honorable Court deems just and proper.

Respectfully submitted,

QUAGLIANO & SEEGER

By:   /s/ Julie Quagliano
Julie Quagliano, DC Bar #393428
Lakeside at Loudoun Tech Center III
21355 Ridgetop Circle, Suite 110
Dulles, Virginia 20166
Phone: (571) 434-7590
Direct Line: (571) 434-7592
Fax: (571) 434-9006
Email: quagliano@quagseeg.com

**Counsel for American Express Company**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed, first class postage prepaid, on May 7, 2007, to:

Michael B. Dorsey
1245 ½ Duncan Place, NW
Washington, DC 20002

**Pro Se Plaintiff**

Citibank
c/o CT Corporations System
1225 Connecticut Avenue, NW
Washington, DC 20036
Attn: Marcella Martin, Operations Manager

**Defendant**

/s/ Julie Quagliano
Julie Quagliano

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **MICHAEL B. DORSEY,** | * | |
| Plaintiff, | * | Civil Action No. 0002550-07 |
| | | CAL __, Judge Judith Bartnoff |
| v. | * | |
| | | Next Event: Initial Conference |
| **AMERICAN EXPRESS COMPANY, et al.,** | * | July 20, 2007 |
| Defendants. | * | |

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Please take notice that Defendant American Express Company, by counsel, Quagliano & Seeger, P.C., files this notice of removal pursuant to 28 U.S.C. '1446(d) that Defendant has removed this matter to the United States District Court for the District of Columbia in accordance with 28 U.S.C. '1441, et seq. A copy of the Notice of Removal filed with the U.S. District Court is attached hereto.

> Respectfully submitted,
>
> QUAGLIANO & SEEGER
>
> By: /s/ Julie Quagliano
> Julie Quagliano, DC Bar #393428
> Lakeside at Loudoun Tech Center III
> 21355 Ridgetop Circle
> Suite 110
> Dulles, Virginia 20166
> Phone: (571) 434-7590
> Fax: (571) 434-9006
> Email: quagliano@quagseeg.com
>
> **Counsel for American Express Company**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed, first class postage prepaid, on May 10, 2007, to:

Michael B. Dorsey
1245 ½ Duncan Place, NW
Washington, DC 20002

**Pro Se Plaintiff**


Citibank
c/o CT Corporations System
1225 Connecticut Avenue, NW
Washington, DC 20036
Attn: Marcella Martin, Operations Manager

**Defendant**


                               /s/ Julie Quagliano
                               Julie Quagliano

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
Michael B. Dorsey

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Washington D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pro Se Defendant
Michael B. Dorsey
1245 ½ Duncan Place, NE
Washington, DC 20002

### DEFENDANTS
American Express Company and Citibank

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

American Express Company -
Julie Quagliano, Esq., 21355 Ridgetop Circle
Suite 110, Dulles, Virginia 20166
Citibank - Attorney Unknown

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ● **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ◉ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
28 '1332 - Diversity action

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 250,000   Check YES only if demanded in complaint   JURY DEMAND: YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 5/10/07   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.