IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| MICHAEL B. DORSEY, | * | |
| Plaintiff, | * | Case No. 07 CV 00885 |
| v. | * | |
| | * | Judge Henry H. Kennedy |
| AMERICAN EXPRESS CO., ET AL., | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### **DEFENDANT, CITIBANK'S MOTION TO DISMISS**

Defendant, Citibank, N.A. ("Citibank"), by and through its undersigned counsel and pursuant to pursuant to Federal Rules of Civil Procedure 12(b)(6) and (7) and 12(e), moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted or in the alternative for a more definite statement under Rule 12(e). In addition, Citibank moves to dismiss based upon Plaintiff's failure to join a proper party to the Complaint and because he is not the real party in interest. In support of this Motion, Citibank refers the Court to the Memorandum of Law in Support of Citibank's Motion to Dismiss, filed contemporaneously herewith and incorporated herein.

WHEREFORE, for the reasons more fully set forth in the Memorandum of Law in Support of Citibank's Motion to Dismiss, Defendant respectfully requests that all claims against Citibank, N.A. in Plaintiff's Complaint be dismissed with prejudice.

        Respectfully submitted,

        _____/s/ *Tessa L. Frederick*_____
        Tessa L. Frederick, Bar No. 465519
        Miles & Stockbridge P.C.
        10 Light Street
        Baltimore, Maryland 21202
        (410) 727-6464

        Attorneys for Defendant, Citibank, N.A.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Defendant, Citibank's Motion to Dismiss was mailed via first class mail, postage prepaid, this 16th day of May, 2007, to:

    Michael B. Dorsey
    1245 ½ Duncan Place, N.E.
    Washington, D.C. 20002

    Pro Se Plaintiff

        _____/s/ *Tessa L. Frederick*_____
        Tessa L. Frederick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| MICHAEL B. DORSEY, | * | |
| Plaintiff, | * | Case No. 07 CV 00885 |
| v. | * | |
| | | Judge Henry H. Kennedy |
| | * | |
| AMERICAN EXPRESS CO., ET AL., | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT, CITIBANK'S MOTION TO DISMISS**

Defendant, Citibank, N.A. ("Citibank"), by its attorney, Tessa L. Frederick and Miles & Stockbridge P.C., and pursuant to Federal Rules of Civil Procedure 12(b)(6) and (7) and 12(e), hereby submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss and respectfully states as follows:

**INTRODUCTION**

On April 10, 2007, Plaintiff, Michael Dorsey ("Plaintiff") filed a pro se Complaint in the Superior Court for the District of Columbia against American Express and Citibank. American Express removed the case to this Court on May 11, 2007. Plaintiff's Complaint does not state any independent cognizable cause of action against Citibank entitling Plaintiff to the relief requested. Thus, the Complaint should be dismissed or Plaintiff should at least be required to submit a more definite statement concerning the grounds for the Complaint. Finally, Plaintiff is not the real party in interest and is thus not proper party to this lawsuit.

**ARGUMENT**

    **I.**    **Standard of Review**

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(b), the Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged. *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Barr v. Clinton,* 370 F.3d 1196, 1199 (D.C.Cir. 2004) (*citing Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir. 1994)). In matters involving *pro se* plaintiffs, the court generally read plaintiff's complaint liberally because she is proceeding *pro se,* and courts have generally held *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Razzoli v. Fed. Bureau of Prisons,* 230 F.3d 371, 374 (D.C.Cir. 2000).

However, the Court need not accept asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *See Kowal,* 16 F.3d at 1276. Thus, even when proceeding *pro se,* the plaintiff must still meet the notice requirements of Rule 8(a) of the Federal Rules of Civil Procedure and give the defendant "fair notice of the plaintiff's claim and the grounds upon which it rests." *Ali v. District of Columbia,* 278 F.3d 1, 8 (D.C.Cir. 2002) (citing *Sinclair v. Kleindienst,* 711 F.2d 291, 293 (D.C.Cir. 1983)). In effect, the Court will dismiss a claim pursuant to Rule 12(b)(6) if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46.

    **II.**    **Plaintiff Has Failed to State a Claim Upon Which Relief Can be Granted.**

As stated above, Plaintiff must still meet the notice requirements of Rule 8(a) of the Federal Rules of Civil Procedure and give Citibank fair notice of his claim and the grounds upon

which that claim rests.  However, the Complaint contains no facts in support of a cognizable claim against Citibank.

The Complaint alleges that both defendants "breached a fiduciary duty to the plaintiff, as noted in the charges below, when they caused harm to him and caused derogatory actions on his American Express Card." Compl., ¶2.  Further, Plaintiff alleges that "Defendant Citi Bank erred when it refused to properly and timely transfer $1500 to American Express…." *Id.*  The Complaint contains a section entitled, "Complaint Specifications" which, by definition, presumably is supposed to provide specific information and details about the claim against Citibank.  However, the Complaint lacks key information:  (1) the date on which Citibank "promised a payment to American Express," (2) the date on which such payment was made, (3) the details of the transaction, i.e. how Plaintiff requested that Citibank make the payment (by check, wire, etc.);  and (4) whether the payment was actually made.

Plaintiff's Complaint also fails to state any elements of any viable cause of action under the laws of the District of Columbia.  It is impossible to determine from the Complaint what claims, contract or tort or both are being alleged against Citibank.  Thus, it makes a response and defense to such complaint difficult for Citibank.  The Complaint does allege that "Defendants breached bona fide covenants to provide services to the plaintiff, violating basic contract law when they caused his America Express account to become in negative status…." Compl., ¶9.  However, simply by alleging that Citibank violated "basic contract law", Plaintiff's Complaint does not properly allege any cognizable claims.  Moreover, the Complaint does not identify a specific cause of action against Citibank, the elements of such cause of action or factual allegations in support of such claims.  Thus, Plaintiff's Complaint should be dismissed for failure to state a claim against Citibank.

3

**III.     Plaintiff Should, in the Alternative, Provide a More Definite Statement.**

In the alternative, Citibank moves for a more definite statement and incorporates the arguments above regarding the defects in Plaintiff's Complaint. Under Rule 12(e), "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. Fed. R. Civ. Proc. 12(e). When a complaint is not sufficient to give a party fair notice of what plaintiff's claim is and the grounds upon which such claims, a motion for more definite statement is appropriate. *Gilbert v. Chertoff, No. 05CV2128 (RJL), 2006 WL 2793169 (D.D.C. Sept. 28, 2006), citing Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002).* Based upon Plaintiff's failure to adequately describe his claims against Citibank as described in detail above, Plaintiff should be required to provide a more definite statement providing the date of the alleged transaction, the specific account involved, the name on the account, how the transaction was instituted, etc. Such information will not only assist Citibank in its defense but will also aid the court in determining whether Plaintiff is actually the property party to the case.

Therefore, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted, or in the alternative, Plaintiff should provide a more definite statement under Rule 12(e).

**IV.     Plaintiff is not a Proper Party to the Lawsuit.**

Although the Complaint seems to allege, and one can easily assume, that the transfer of funds "promised" by Citibank to Plaintiff's American Express account, was from an account owned by Plaintiff; however, it was not. The transfer alleged in the Complaint actually originated from Plaintiff's son Mark Dorsey's Citibank account. *See Letter dated January 31, 2007 from Plaintiff to Citibank, a true and correct copy of which is attached hereto as* **Exhibit A**

4

*and incorporated herein by reference*. The Letter attached as Exhibit A clearly demonstrates that Plaintiff is aware that the transfer he complains of in the Complaint did <u>not</u> involve his personal Citibank account, rather it involved his son's Citibank account. Thus, any alleged failure of Citibank to timely transfer funds from a Citibank account to American Express did not involve a Citibank account owned by Plaintiff, Michael Dorsey. Notably, the letter does not contain any specific information regarding the date of the transfer or any details which might illuminate the legal basis upon which Plaintiff's Complaint rests.

Therefore, because Plaintiff is not the real party in interest nor is he a proper party to the Complaint, this Complaint should be dismissed under Rule 12(b)(7), for Plaintiff's failure to join a necessary party under Rule 19 and because he is not the real party in interest.

## CONCLUSION

Wherefore, for all of the foregoing reasons, Defendant, Citibank, N.A., respectfully requests that this Court dismiss Plaintiff's complaint against Citibank with prejudice.

Respectfully submitted,

_____/s/__*Tessa L. Frederick*_____
Tessa Laspia Frederick # 465519
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202
410-727-6464 (telephone)
410-385-3700 (facsimile)

*Attorneys for Defendant,*
*Bank of America, N.A.*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant, Citibank, N.A.'s Memorandum in Support of Motion to Dismiss was mailed via first class mail, postage prepaid, this 16th day of May, 2007, to:

>Michael B. Dorsey
>1245 ½ Duncan Place, N.E.
>Washington, D.C. 20002
>
>Pro Se Plaintiff

>_____/s/\_\_*Tessa L. Frederick*_____
>Tessa Laspia Frederick

# EXHIBIT A

**Dorsey & Associates, Inc.**

Adjudication Consulting
Since 1984

**The Economist Magazine**
"Michael Dorsey knows what a properly written ticket looks like".

**The City Paper**
"Dorsey is a common man's Brendan Sullivan. [Oliver North's attorney] But he's no potted plant"

**The Washington Post**
"Fighting tickets at the District of Columbia Bureau of Traffic Adjudication is something most drivers dread. For Michael Dorsey, it is not only a passion but a career"

**The Washingtonian Magazine**
"Does a D.C. traffic ticket have you ticket-off? Michael Dorsey fights parking and moving violations so you don't waste time waiting".

**Roll Call**
"Dorsey runs a consulting service for people wrongly ticketed by the city's ... parking enforcement aides"

**Fox Morning News**

**Channel 4 News**

601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C. 20004

Phone: (202) 554-8189
Fax: (202) 546-8902
E-mail: ticket@ix.netcom.com

From the Desk of Michael B. Dorsey, President
I am not a lawyer

January 31, 2007

ECU Log #: 70333146

N1 - PF

RE: Citibank Checking Account Number

Dear Mr. Prince:

    Please accept this request for your attention regarding a money transaction that occurred at Citibank as my son, Mark A. Dorsey, made a monthly payment to my American Express business account. A problem occurred when my son tendered the payment from his account and the payment became late, after it did not transact until after the 24-48- hour period that Citibank claimed it would. Citibank also claims that the period might take considerably longer – it did, approximately five (5) business days. In the meantime American Express cancelled my card – not particularly because of Citibank's disbursement of the $1500 payment.

    Although some at Citibank promised that they must review my son's account to know more about the transaction – and that my son must contact someone at Citibank, and that a representative from Citibank will not solicit my son's attention, that would not mitigate the situation that Citibank helped caused. Citibank, moreover, would probably not offer or feel obligated to mitigate the matter, I believe.

    It is very likely that I will ask the D.C. Courts to address the matter with American Express, as Citibank would likely be a defendant. This is an effort to avoid litigation.

    A major concern of mine with Citibank is much the same as with American Express, is the manner that both disclose their policies and procedures and the manner that the rules bend in favor of the institutions and away from the customers; the customers appear to be on the losing end of the interpretations of the rules.

With regards, I remain

Very truly yours

Michael B. Dorsey

Mr. Charles Prince, Chairman and C.E.O., Citibank
c/o Citibank Executive Commercial Unit
1 Court Square, 15th Floor
Long Island City
New York, N.Y. 11120

2007 FEB -2 P 3:26
RECEIVED

T IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| MICHAEL B. DORSEY, | * | |
| Plaintiff, | * | Judge Henry H. Kennedy |
| v. | * | Case No.  07 CV 00885 |
| | * | |
| AMERICAN EXPRESS CO., ET AL., | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

# **ORDER**

Upon consideration of the Motion to Dismiss filed by Citibank, N.A., any opposition thereto and any hearing thereon, it is this _____ day of _____, 2007 hereby ORDERED:

1.	That Defendant Citibank's Motion to Dismiss be, and hereby is, GRANTED; and it is further

ORDERED, that judgment is hereby ENTERED in favor of Citibank on all claims and counts in the Complaint; and it is further

**ORDERED** that a judgment be, and the same hereby is, entered against Plaintiffs and the case dismissed as to Citibank, with prejudice.

_____
Judge,
U.S. District Court for the District of Columbia