IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| MICHAEL B. DORSEY, | * | |
| Plaintiff, | * | Case No.  07 CV 00885 |
| v. | * | |
| | * | Judge Henry H. Kennedy |
| AMERICAN EXPRESS CO., ET AL., | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CITIBANK'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Defendant, Citibank, N.A. ("Citibank"), by and through its undersigned counsel hereby files this Reply to Plaintiff's Opposition to Citibank's Motion to Dismiss and states as follows.

## INTRODUCTION

Plaintiff's Opposition fails to address or properly oppose the Motion to Dismiss.  Instead, Plaintiff attempts to clarify or amend his Complaint by framing the claims against Citibank in a different way.  In the end, Plaintiff's failure to oppose each of the arguments made by Citibank in support of its Motion to Dismiss should serve effectively demonstrates that he has conceded the arguments made by Citibank.

## ARGUMENT

Plaintiff states that he "proffers that Citi Bank had an obligation to properly execute payment to his American Express … account …."  Opp., p. 2.  However, Plaintiff's response merely reaffirms Plaintiff's failure to state a claim against CitiBank simply because Plaintiff admits in his Opposition that CitiBank was not making a payment out of Plaintiff's account, but was making payment for the benefit of Plaintiff.  Nevertheless, Plaintiff failed to allege that Citibank owed him a duty as the alleged beneficiary of the alleged payment to his American

Express account.  Thus, Plaintiff cannot state a claim against CitiBank for any viable cause of action.

Much of Plaintiff's Opposition is legally incomprehensible.  Even though Plaintiff is pro se, he is still required to present a valid legal claim against CitiBank in his Complaint and explain how and why he is entitled to relief.  Both the Complaint and the Opposition fail to do that.  The matters to which Plaintiff fails to respond, such as the issue of standing, should be considered as conceded.  The fact that Plaintiff attempts to reframe his claims against Citibank on page 1 of the Opposition to do function as a valid opposition to the Motion to Dismiss and are not properly presented in a Motion Amend the Complaint.

## **CONCLUSION**

For all of the foregoing reasons, and the arguments set forth in the Motion to Dismiss, Defendant Citibank, N.A. respectfully requests that this Court dismiss Plaintiff's Complaint.

        Respectfully submitted,

        _____/s/ *Tessa L. Frederick*_____
        Tessa L. Frederick, Bar No. 465519
        Miles & Stockbridge P.C.
        10 Light Street
        Baltimore, Maryland 21202
        (410) 727-6464

        Attorneys for Defendant, Citibank, N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant, Citibank's Motion to Dismiss was mailed via first class mail, postage prepaid, this 4th day of June, 2007, to:

>Michael B. Dorsey
>1245 ½ Duncan Place, N.E.
>Washington, D.C. 20002
>
>Pro Se Plaintiff


>_____/s/ *Tessa L. Frederick*_____
>Tessa L. Frederick