IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL B. DORSEY** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**AMERICAN EXPRESS COMPANY,** *et al.* )<br>)<br>Defendants. )<br>) | C.A. No. 1:07-cv- 0885 HHK |

### DEFENDANT AEC'S OPPOSITION TO
### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Defendant American Express Company ("AEC")[1], by and through counsel, Quagliano & Seeger, P.C., pursuant to Federal Rule of Civil Procedure 15 and Local Civil Rules 7(b) and 15.1, respectfully submits this opposition to the Motion for Leave to Amend Complaint by Plaintiff Michael B. Dorsey ("Dorsey").

### INTRODUCTION

On April 10, 2007, Dorsey, proceeding *pro se*, filed a Complaint in the Superior Court for the District of Columbia alleging what appears to be one count against Defendant AEC and one count against Defendant Citibank for breach of contract. On May 10, 2007, after filing its Answer and Grounds of Defense in the Superior Court, AEC removed the matter to the United States Court for the District of Columbia. Co-Defendant Citibank subsequently filed its Answer to Dorsey's Complaint and a Motion to Dismiss on the grounds that Dorsey failed to state a claim upon which relief can be granted. After Dorsey initiated this lawsuit, AEC communicated

---

[1] In its Answer and Grounds of Defense, AEC raised the defense that AEC is not a proper party defendant. Rather than amend his Complaint to reflect the proper party defendant, Dorsey simply seeks to amend his Complaint to include additional allegations against AEC. In replying to Dorsey's Motion, AEC does not waive its prior defense and reserves the right to file a motion to dismiss or appropriate pleading on the grounds that AEC is not the proper party defendant.

with Dorsey regarding a possible resolution of this matter. Subsequent to these failed negotiations, Dorsey filed a Motion for Leave to Amend Complaint ("Motion") seeking to add allegations against AEC stemming from those settlement discussions.

AEC opposes Dorsey's Motion because the proposed amendments are prejudicial to AEC. The allegations proffered by Dorsey are confidential statements made in connection with settlement discussions. Further, Dorsey's Motion seeks to include these statements for the purpose of proving AEC's liability. As such, these statements are inadmissible under Federal Rule of Evidence 408, and hence, Dorsey's amendments would be futile. AEC additionally opposes Dorsey's Motion because it is procedurally defective. In violation of Local Civil Rule 15.1, Dorsey failed to file with the Motion his proposed amended complaint. For these reasons, this Court should deny Dorsey's Motion.

## ARGUMENT

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once as a matter of course before a responsive pleading is served. Fed.R.Civ.P. 15. After a responsive pleading is filed, the party may amend only by leave of the court. Id; see also Westport Ins. Corp. v. Albert, 208 Fed. Appx. 222, 226 (4th Cir. 2006). Although courts have held that leave shall be freely given, such a liberal approach is inappropriate where "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Westport Ins. Corp v. Albert, 208 Fed. Appx. at 226 (upholding the lower court's denial of appellants' motion for leave to amend upon a finding that appellants' amendments would be futile) *quoting* Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986); see also Baker v. Library of Congress, 260 F.Supp.2d 59, 68 (D.D.C. 2003) (court denied motion for leave to amend upon a finding that amendment would be futile where

plaintiff failed to file proposed amended complaint and to assert new facts that would defeat a motion for dismissal).

1. **Dorsey's Motion Should Be Denied Because it is Prejudicial to AEC and the Amendment is Futile Because the Allegations Violate Federal Rule of Evidence 408**

Federal Rule of Evidence 408(a) provides that statements made in connection with settlement discussions are not admissible when offered to prove liability:

> **a)** **Prohibited uses.**—Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to the validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—valuable consideration in comprising or attempting to compromise the claim; and
>
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Fed.R.Evid.408. The underlying policy of Federal Rule of Evidence 408 is to encourage settlement by protecting statements made in connection therewith from later being used as admissions of liability. See Braman v. Woodfield Gardens Associates, Realcorp Investors I, 715 F.Supp.226 (N.D. Ill. 1989) (granting defendants' motion to strike certain allegations in plaintiff's complaint that were made during settlement negotiations); see also Outlook Hotel Co. v. St. John, 287 F.115, 117 (3d Cir 1923) ("[i]f every offer to buy peace could be used as evidence against who presents it, then the policy of the law which favors the settlement of disputes would never be attained").

Dorsey's Motion contains three new allegations which include purported statements

made by Paul Heimberg, AEC outside legal counsel, in connection with settlement discussions[2]. Specifically, Dorsey attempts to allege that AEC made a settlement offer and then allegedly rescinded that offer (paragraph I); that AEC allegedly admitted that its claim of "no pre-set limit" was a false claim (paragraph II); and that AEC allegedly admitted that Defendant Citibank was the cause of plaintiff's complaint (paragraph IV). See Motion. It is clear that Dorsey seeks to amend his Complaint to add these allegations for the express purpose of proving AEC's liability. As such, Dorsey offers these allegations for a forbidden purpose in violation of Federal Rule of Evidence 408(a). Because the allegations in paragraph I, II, and IV are ultimately inadmissible, Dorsey's Motion for amendment is futile, as the allegations would be subject to a motion to dismiss as a matter of law.

**2. Dorsey's Motion Should Be Denied Because it is Procedurally Defective.**

Local Civil Rule 15.1 provides in pertinent part:

> A motion for leave to file an amended pleading ***shall be accompanied by an original of the proposed pleading as amended***. The amended pleading shall be deemed to have been filed and served by mail on the date on which the order granting the motion is entered.

L.Cv.R.15.1 (emphasis added). Local Civil Rule 7(i) imparts an identical requirement that a motion to amend the pleadings must be accompanied by the proposed amended pleading. L.Cv.R.7(i). A party's failure to include a proposed amended pleading is proper grounds for denying a motion for leave to amend. See Baker v. Library of Congress, 260 F.Supp.2d at 68.

Dorsey's Motion is totally devoid of the proposed amended complaint. Dorsey merely asserts three new allegations in paragraphs I, II and IV and attempts to correct errors in paragraph III. See Motion. It is unclear in Dorsey's Motion whether these new allegations supplement the previous count alleged against AEC or are the basis for a second count against

---

[2] AEC denies that its outside legal counsel ever made the alleged statements to Dorsey in the course of their settlement discussions.

AEC.  Because these allegations neither create a new cause of action nor clearly amend Dorsey's original Complaint, Dorsey's amendment is futile.  See Baker v. Library of Congress, 260 F.Supp.2d at 68; see also Johnson v. Oroweat Foods Co., 785 F.2d. at 509.  It is thus within this Court's discretion to deny Dorsey's Motion on the basis of futility.  Id.

## CONCLUSION

Based on the foregoing, Defendant American Express Company respectfully requests that this Honorable Court dismiss with prejudice the Motion for Leave to Amend Complaint filed by Plaintiff Michael B. Dorsey and award such further relief deemed just and proper.

**Dated:** June 6, 2007					Respectfully submitted,

								QUAGLIANO & SEEGER, P.C.


						By:	   /s/ Julie Quagliano			
							Julie Quagliano, D.C. Bar No. 393428
							Lakeside at Loudoun Tech Center III
							21355 Ridgetop Circle
							Suite 110
							Dulles, Virginia  20166
							Phone: (571) 434-7590
							Fax: (571) 434-9006
							Email: quagliano@quagseeg.com

							**Counsel for Defendant American Express Company**

Of Counsel:

Kristin E. Protas, Esq.
Quagliano & Seeger, P.C.
2620 P Street, NW
Washington, DC
Phone: 202-822-8838
Fax: 202-822-6982
Email: protas@quagseeg.com

## POINTS AND AUTHORITIES

1. Fed.R.Civ.P. 15;

2. Fed.R.Evid. 408;

3. L.Cv.R. 7 and 15.1;

4. Baker v. Library of Congress, 260 F.Supp.2d 59 (D.D.C. 2003);

5. Braman v. Woodfield Gardens Associates, Realcorp Investors I, 715 F.Supp.226 (N.D. Ill. 1989);

6. Outlook Hotel Co. v. St. John, 287 F.115 (3d Cir 1923);

7. Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986);

8. Westport Ins. Corp. v. Albert, 208 Fed. Appx. 222, 226 (4th Cir. 2006); and

9. The record herein.

                                                          /s/ Julie Quagliano
                                                          Julie Quagliano

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first class postage prepaid, on June 6, 2007, to:

        Michael B. Dorsey
        1245 ½ Duncan Place, NW
        Washington, DC 20002

        **Pro Se Plaintiff**

        Tessa L. Frederick, Esq.
        Miles & Stockbridge, P.C.
        10 Light Street
        Baltimore, Maryland 21202

        **Counsel for Defendant Citibank, N.A.**

                                                        /s/ Julie Quagliano
                                                          Julie Quagliano

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MICHAEL B. DORSEY**         )<br>                                                      )<br>            **Plaintiff,**             )<br>                                                      )<br>v.                                                 )<br>                                                      )<br>**AMERICAN EXPRESS COMPANY,** *et al.*  )<br>                                                      )<br>            **Defendants.**           )<br>                                                      ) | C.A. No. 1:07-cv- 0885 HHK<br><br>Judge Henry H. Kennedy |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

UPON DUE CONSIDERATION of the Plaintiff Michael B. Dorsey's Motion for Leave to Amend (the "Motion'), Defendant American Express Company's Opposition thereto and any other response thereto, it is this _____, day of _____, 2007:

**ORDERED**, that the Plaintiff Michael B. Dorsey's Motion is hereby **DENIED**.

_____
Judge Henry H. Kennedy
U.S. District Court for the District of Columbia

Copies to:

Julie Quagliano
Lakeside at Loudoun Tech Center III
21355 Ridgetop Circle
Suite 110
Dulles, Virginia  20166

Michael B. Dorsey
1245 ½ Duncan Place, NW
Washington, DC 20002

Tessa L. Frederick, Esq.
10 Light Street
Baltimore, Maryland 21202