UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL B. DORSEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-0885 (PLF) |
| AMERICAN EXPRESS COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Citibank's Motion to Dismiss, or, in the alternative, for a More Definite Statement ("Mot."). Plaintiff, proceeding *pro se*, filed a claim in the District of Columbia Superior Court against American Express Company and Citibank, alleging that defendants had "breached a fiduciary obligation" to him by canceling a credit card as a result of a late payment made by Citibank. Complaint ¶ 2. This case was timely removed to this Court. For the reasons set forth below, the Court will not dismiss the case but will require the plaintiff to file an amended complaint within twenty days of the date of this Memorandum Opinion and Order.

I.  BACKGROUND

On April 10, 2007, plaintiff filed a complaint in the District of Columbia Superior Court against the defendants. In his pleading, plaintiff claimed that he "los[t] use of his

1

American Express card" as a result of the defendants' actions. Complaint ¶ 1. Plaintiff alleged that "[b]oth defendants breached a fiduciary obligation," "[d]efendant American Express deceived the plaintiff and devised convoluted methods of not adequately promulgating its policies regarding loan disclosure," and "[d]efendant Citibank concealed the delay of [a] payment to American Express . . . ." Complaint ¶¶ 2, 3, 5. Defendant American Express timely removed to this Court on the basis of diversity jurisdiction. See 28 U.S.C. §§ 1332, 1441. Defendant Citibank then moved to dismiss the complaint under Rules 12(b)(6) and 12(b)(7) or, in the alternative, for a more definite statement under 12(e). See FED. R. CIV. P. 12(b)(6), 12(b)(7), 12(e).

## II. DISCUSSION

### A. Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Id. at 1965 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of

2

"entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court stated that there was no "probability requirement at the pleading stage," Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965, but "something beyond . . . mere possibility . . . must be alleged[.]" Id. at 1966. The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," id. at 1965, or must be sufficient "to state a claim for relief that is plausible on its face." Id. at 1274. The Court referred to this newly-clarified standard as "the plausibility standard." Id. at 1968 (abandoning the "no set of facts" language from Conley v. Gibson).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. at 2200; see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965; Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991). The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Communications Corp., 16 F.3d at 1276; see also Browning v. Clinton, 292 F.3d at 242; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). While the complaint is to be construed liberally in plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions. See Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v. Clinton, 292 F.3d at 242.

While *pro se* complaints are held to a less stringent standard than complaints drafted by attorneys, see Erickson v. Pardus, 127 S. Ct. at 2200 ("A document filed *pro se* is to be liberally construed.") (internal quotations and citations omitted); Gray v. Poole, 275 F.3d 1113, 1116 (D.C. Cir. 2002), a *pro se* plaintiff's inferences "need not be accepted 'if such inferences are unsupported by the facts set out in the complaint.'" Caldwell v. District of Columbia, 901 F. Supp. 7, 10 (D.D.C. 1995) (quoting Henthorn v. Dept. of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994)). "'A *pro se* complaint, like any other, must state a claim upon which relief can be granted by the court.'" Id. (citing Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

### B.  A more definite statement rather than dismissal is appropriate

Alluding to the old Rule 12(b)(6) standard of Conley v. Gibson, 355 U.S. at 45-46, the defendants suggest that "the Complaint contains no facts in support of a cognizable claim." Mot. at 3.  This is not accurate.  Plaintiff's complaint alleges that "[d]efendant American Express deceived the plaintiff and devised convoluted methods of not adequately promulgating its policies regarding loan disclosure," and that "[d]efendant Citibank concealed the delay of [a] payment to American Express . . . ." Complaint ¶¶ 3, 5.  Taken as true, these facts might suggest that plaintiff is entitled to relief.  Even if "actual proof of those facts is improbable, and that a recovery is very remote and unlikely," the claims are more than mere speculation.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965.  The complaint pleads facts just clearly enough that there is "something beyond the mere possibility of loss causation." Id. at 1966.  The Court is unable to

conclude that, if clarified, plaintiff would not be able to state a claim upon which relief might be granted.

Nonetheless, the complaint is not sufficiently clear at this point. While Rule 8(a) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must be detailed enough to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly at 1965. As they stand, the facts currently alleged in the complaint are too vague to give the defendants the notice to which they are entitled. Plaintiff must be specific enough with respect to "the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 1969 (internal quotations omitted; emphasis in original). Accordingly, it is hereby

ORDERED that defendant Citibank's Motion to Dismiss, or, in the alternative, for a More Definite Statement [3] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that the Motion to Dismiss is DENIED; and it is

FURTHER ORDERED that plaintiff file a clarified Amended Complaint within 20 days of the date of this Memorandum Opinion and Order.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 2, 2007