United States District Court for the District of Columbia
Civil Division

**<u>ORIGINAL</u>**

| | | |
|---|---|---|
| Michael B. Dorsey, Plaintiff, Pro Se | ) | |
| | ) | Civil Action   No. 1:07-885 (PLF) |
| Vs | ) | |
| | ) | |
| American Express Company, et al., | ) | |
| Defendants | ) | |

**CLARIFIED AMENDMENT TO ORIGINAL COMPLAINT**

**Prefatory Statement**

*Clarified amendments to the original complaint in this case come as follows:*

This matter comes after a request from defendant Citibank and requirement of the Court for the plaintiff to present a clarified, amendment to the original complaint. Inasmuch as the complaint on its face appears sufficient to this plaintiff, and it is reasonable to expect that competent counsel for the defendants either understand or should understand the complaint, they apparently do not. Moreover, it appears that counsel is either pretending to be dumb (or maybe they are not pretending), or utilizing a common legal trick that claims defects in the complaint so that the case might be dismissed. It is interesting that the judge understood the complaint more than counsel in charge of defending the case; a small wonder.

A complaint should be brief, without the elements of a written argument and a protracted account of the facts. The complaint was as such. It is difficult to believe that the average person fails to understand the errors that both defendants made – and that defendant Citibank had an obligation to perform, without regard to the account-holder. Defendant Citibank certainly is aware of its obligation to issue a payment – and should not claim that because moneys that it held should not have received respect because the owner was not a customer, and that it was in some way permissible to misuse the moneys because of that reason – and injury was to the owner and its customer. If it is necessary the plaintiff's son, the actual account-holder will become a party to this case.

RECEIVED
OCT - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-2-

It would be interesting if counsel for Citibank were required to explain or otherwise argue exactly what was missing from the complaint that made it defective, or otherwise dismissible; and in the case of American Express they did not deny occurrence; they conceded, and chose to rely upon technicalities.

## COMPLAINT SPECIFICATIONS

As noted in the original complaint and clarified in this pleading defendants American Express and Citibank harmed the plaintiff when they performed the acts noted in this complaint – and as a trial by a jury of peers may and will attest, and not possibly in this pleading. The claims in this complaint might not exactly prove the case as Defendants required in their answers – and should not require, as enunciated in <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), that the entire case hinges on the complaint alone. Moreover, Defendants either know or should know the reasons why they are accused; and defendants are truly aware of their wrongs. They, rather, should concentrate on the actual charges rather than legal minutia.

The charges against the plaintiffs' Citibank and American Express appear anew as follows:

I

On or about August 15, 2006, defendant Citibank was asked to perform a banking function – to transfer $1500 from its customer's checking account to American Express as payment to the account of the plaintiff, Michael B. Dorsey, inasmuch as the $1500 payment was to have been debited from the account of Mark A. Dorsey, the plaintiff's son, and not from the account of the plaintiff – although the plaintiff has a checking account with defendant Citibank.

Defendant Citibank breached and concealed a fiduciary duty when, a promised to timely transfer payment within a specified time did not occur, which caused detriment to the plaintiff. The detriment to the plaintiff occurred when the $1500 was not timely transferred to American Express – and American Express punished the plaintiff by first restricting services and subsequently canceling the card;

II

On or about June, 2005, defendant American Express promised via its rules, procedures and policies that it – as the company's advertisement implied, unlike other competitors – provided loans with

-3-

"no pre-set limits". Such a promise functioned as a" bait and switch" tactic, and had the potential of influencing its cardholders, and the plaintiff that American Express offered services that actually did not exist. The promise also caused customers and the plaintiff to rely upon them rather than other competitors who did not offer or advertise "no pre-set limits";

### III

On or about January 20, 2007, Defendant American Express unfairly punished the plaintiff when an agent of the company said to the plaintiff that his credit card was suspended not because of a late payment, but because the card was over the limit – a limit, of course, that the plaintiff, American Express, promised did not exist, merely because as noted earlier, it had no such limits.

_____
Plaintiff Michael B. Dorsey, Pro se

This 1st day of October, 2007

UNITED STATES COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Michael B. Dorsey, Plaintiff, Pro Se )
)  Civil Action   No. 1:07-885 (PLF)
Vs )
)
American Express Company, et al., )
Defendants

## CLARIFIED AMENDMENT TO ORIGINAL COMPLAINT

## CERTIFICATE OF SERVICE

I certify that copies of this Motion have been mailed, postage pre-paid to counsels of records for defendants in this case – Tessa L. Frederick, Bar No. 465519, of Miles & Stockbridge, P. C., at 10 Light Street, Baltimore, Maryland 21202, Attorney for Defendant Citibank, N. A., and Julie Ann Quagliano, D. C. Bar No.393428, Lakeside at Loudoun Tech Center III, 21355 Ridgetop Circle, Suite 110, Dulles, Virginia 20166, Attorney for Defendant American Express.

_____
Plaintiff, Michael B. Dorsey, Pro Se

This 1st day of October, 2007