RECEIVED
U.S. COURT OF APPEALS
FOR [ILLEGIBLE] CIRCUIT

2008 MAR 24 PM 4:05

FILING DEPOSITORY

United States District Court for the District of Columbia
333 Constitution Avenue, N. W.
Washington, D. C. 20001
Civil Division

**ORIGINAL**

|  |  |  |
|---|---|---|
| Michael B. Dorsey, Plaintiff, Pro Se | ) | |
|  | ) | Civil Action No. 07-885 (PLF/AK) |
| Vs | ) | |
| American Express Travel Related Services, Et al, Defendants | ) | |
|  | ) | |

**Motion for Leave to Amend Complaint and Include Charges Anew Against Defendant CitiBank Add Anew CitiBank Bank Card Issuers and Add Anew Plaintiff Mark A. Dorsey**

Comes now a Motion for leave to amend the original complaint and include additional charges against Defendant Citibank, include anew, and include anew, Plaintiff Mark A. Dorsey As CitiBank through its agents aggravated circumstances such that the plaintiff has been harmed anew by the following acts and as Mark A. Dorsey, the plaintiff's son was harmed by Citibank, as Citibank admits an obligation was to Mark Dorsey, and:

(A) Citibank engaged a breach of trust when a promised was made to provide the video of an ATM transaction at the Bank of China in Beijing, China. Defendant, through its agent knew or should have known whether the act was practicable. The issue is not whether the Defendant had ability to perform the act, but whether its agent promised to perform the act when the agent knew or should have known whether it was practicable? (B) Defendant Citibank allows bank card merchants to coalesce with and allow thieves and rogues in China to engage in confidence games, (C) Citibank charges NSF fees as a revenue-generating tactical device when bank cards are used to make purchases.

**Points and Authorities in Support of Plaintiff's Motion for Leave to Amend**

This plaintiff cites Rule 15 (2) (b) (2) of the Federal District Court for the District of Columbia, as grounds for proceeding with this pleading, and adduces that this motion should not

-2-

actually need leave from the court because an actual motion to amend has not been presented before. Although the pleading caption said "amendment" it was not an amendment, it was a response to the Judge's Order that was a requirement to clarify the Complaint – and it thus should not be counted as an amendment.

**Prayer**

This plaintiff seeks that this honorable court, for the reasons noted herein, considers and allows this matter to proceed for redress – and decides after the evidence and testimony the outcome, and do not count the motion as an actual amendment, because the original motion to amend was not a motion but a response to the judge's order.

This 24th day of March, 2008

_____
Michael B. Dorsey, Plaintiff, Pro se

United States District Court for the District of Columbia
333 Constitution Avenue, N. W.
Washington, D. C. 20001
Civil Division

_____

Michael B. Dorsey, Plaintiff, Pro Se         )
                                             )   Civil Action No. 07- 885 (PLF/AK)
Vs                                           )
                                             )
American Express                             )
Travel Related Services,
 Et al, Defendants                           )

_____

**Motion for Leave to Amend Complaint and Include Charges Anew Against Defendant
CitiBank Add Anew Defendants PNC Bank, and Their Bank Card Issuers
and Add Anew Plaintiff Mark A. Dorsey**

**Certificate of Service**

I certify that a copy of this pleading has been mailed, postage pre-paid to Tessa L. Frederick, Esq., Counsel for Defendant CitiBank, as Miles & Stockbridge, P. C., 10 Light Street, Baltimore, Md. 21202.

This 24th day of March _____, 2008

_____
Michael B. Dorsey, Plaintiff, Pro se



EXHIBIT X-1

RECEIVED
U.S. COURT OF APPEALS
FOR THE [ ] CIRCUIT
PM 4:04
FILING DEPOSITORY

United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D. C. 20001
Civil Division

|  |  |
|---|---|
| Michael B. Dorsey, Plaintiff, Pro Se ) | |
| ) | Civil Action No. 07- 885 (PLF/AK) |
| Vs ) | |
| American Express Travel Related Services, Et al, Defendants ) | |

## Amendment to Complaint to Include Charges Anew Against Defendant CitiBank and Add Their Bank Card Issuers, and add Anew Plaintiff Mark A. Dorsey

### Prefatory Remarks

This matter comes as the plaintiff has been abused anew by Defendant Citibank after the original complaint, and as the defendant Citibank: (1) Committed a breach of trust when a promised was made to provide the video of an ATM transaction at the Bank of China in Beijing, China. Defendant, through its agent knew or should have known whether the act was practicable. The issue is not whether the Defendant had ability to perform the act, but whether its agent promised to perform the act when the agent knew or should have known whether it was practicable? (2) CitiBank allows bank card merchants to coalesce with thieves and other rogues in China to engage in confidence games, and (3) Charges NSF fees as a revenue-generating tactical device.

The plaintiff desires including an additional plaintiff as defendant Citibank attempted to adduce that the plaintiff's son, Mark A. Dorsey was the apparent injured party.

This matter comes now because it obviously could not have occurred at the time this action was filed because the acts recently occurred.

### Amendment

This plaintiff seeks permission to include in the original complaint the following and not calculate this motion as an amendment because it actually is the first amendment because the first motion was titled an amendment but it was not an amendment, but a response to the judge's order.

-2-

### Charges Anew Against Citibank

#### I

On or about September 15, 2007, Defendant Citibank engaged a breach of trust when it, through its agent, promised to provide a video tape of an ATM transaction that occurred when the plaintiff withdrew cash as he was the victim of a confidence scheme, conducted when a restaurant required that he not only pay with cash after he had a meal, as the agent of the restaurant participated in an overcharging scheme;

#### II

Defendant Citibank forced check fees without the plaintiff's consent or approval when bank card transactions were made when previously bank rules merely denied the transaction – but now allows the transaction only to collect NSF fees rather than refusing the transaction and not collecting fees;

#### III

Defendant Citibank cooperated with the perpetrator of a confidence game by appearing unaware that the scheme utilized its customers' credit and bank cards to steal and overcharge accounts for services and goods, particularly at tea houses in Beijing and Shanghai, China.

Defendant Citibank refuses to renounce or question the behavior of the rogue restaurant owners as the very same scheme occurred with another restaurant. Defendant Citibank, moreover, adduces that confidence scheme, notwithstanding, the plaintiff allowed himself to be tricked by its vendor, signed the receipt, thus it is not responsible, even in the event that a confidence game occurred by a vendor of its credit card issuer;

#### IV

After several written requests for documents that were used to make the final decision defendant CitiBank refused to respond – and refused to provide an account of the documents that were used or otherwise relied upon to make the decision;

#### V

On or about December 15, 2007, defendant, Citibank, engaged a breach of trust by first promising that a $130 credit to the plaintiff's account was complete and final, because of a confidence game perpetrated by a Beijing restaurant and vendor of the defendant, only to later

rescind the promise and debited the plaintiff's account for the very same sum as promised was final, rescind the promise and debit the plaintiff's account for the very same sum as promised was final, and during the same transaction defendant Citibank allowed and accepted a bogus proof-of-transaction receipt from a vendor from a Chinese restaurant, a receipt that had questionable alterations and an obviously forged signature. As the defendant is in the banking business they knew or should have known the obvious culpable nature of the document. Rather, they accepted the document and debited the plaintiff's account, causing an overdraft and fees that appear with the overdraft (See Exhibit X-1, forged receipt by vendor).

### Paradigm

*The attached exhibit clearly indicates the state-of-the-art manner that the restaurant agent forged and fabricated the receipt. A copy of a blank receipt was copied onto a regular-size page, with the original receipt turned upside-down, maybe to make it more difficult to notice the difference. The glaring error was the fact the signature went beyond the size of the receipt. The same occurred with the number on the page. That could not have happened unless the plaintiff signed the receipt after it was copied onto the larger page. That did not occur.*

### Include Plaintiff Mark A. Dorsey

Plaintiff Mark A. Dorsey appears in this action as defendant Citibank failed to execute a $1500 payment from his account, a payment to a credit card company. Inasmuch as defendant Citibank claims that plaintiff Michael Dorsey had no claim for it to execute payment to his creditor, but the obligation was to Mark, the defense adduced.

### Points and Authorities in Support of Plaintiff's Motion for Leave to Amend Complaint

This plaintiff cites Rule 15 (2) (b) (2) of the Federal District Court for the District of Columbia, as grounds for proceeding this pleading, and adduces that this motion should not actually need leave from the court because an actual motion to amend has not been presented before. Although the pleading caption said "amendment" it was not an amendment, it was a response to the Judge's Order that was a requirement to clarify the Complaint – and it thus should not be counted as an amendment.

### Relief

Citibank should cease and desist, (1) Allowing bank card vendors particularly in China to steal from bank customers by overcharging customers when they patronize tea houses and other businesses when they use bank cards, and (2) cease and desist forced NSF charges when

-4-

they use bank cards, (3) promptly and properly inform customers of the confidence games that Chinese bank card merchants perpetrate against customers of the confidence games that Chinese bank merchants perpetrate against them, and (4) Damages on behalf of Plaintiff Mark A. Dorsey for $85,000, eighty five thousand dollars.

_____
Plaintiff, Michael B. Dorsey, Pro se

This 24th day of March, 2008



EXHIBIT X-1

Handwritten annotations:

They copied the documents upside-down, maybe so that the signatures can't be noticed easily

They apparently copied the receipt onto the paper, they completed the receipt after-the-fact because the writing on the receipt extended beyond the actual receipt (notice the 3 is off the receipt, that could not have happened.

The receipt number is probably in the sequence with a later date than the day of the receipt-activity

MY SIGNATURE IS OFF the receipt. That could not have happened. Notice the e and y

United States District Court for the District of Columbia
333 Constitution Avenue, N. W.
Washington, D. C. 20001
Civil Division

| | | |
|---|---|---|
| Michael B. Dorsey, Plaintiff, Pro Se | ) ) ) ) | Civil Action No. 07- 885 (PLF/AK) |
| Vs | ) ) | |
| American Express Travel Related Services, Et al, Defendants | ) ) | |

**Amendment to Complaint to Include Charges Anew Against Defendant CitiBank Add Anew Their Bank Card Issuers and add Anew Plaintiff Mark A. Dorsey as a Defendant**

**Certificate of Service**

I certify that a copy of this pleading has been mailed, postage pre-paid to Tessa L. Frederick, Esq., Counsel for Defendant CitiBank, as Miles & Stockbridge, P. C., 10 Light Street, Baltimore, Md. 21202.

This 24th day of March, 2008

_____
Plaintiff, Michael B. Dorsey, Pro Se

United States District Court for the District of Columbia
333 Constitution Avenue, N. W.
Washington, D. C. 20001
Civil Division

Michael B. Dorsey, Plaintiff, Pro Se  )

) Civil Action No. 07- 885 (PLF/AK)

Vs )

American Express Travel Related Services,
Et al, Defendants )

)

**Amendment to Complaint to Include Charges Anew Against Defendant CitiBank Add Anew Their Bank Card Issuers and add Anew Plaintiff Mark A. Dorsey as a Defendant**

**ORDER**

The Court having considered the motion by the plaintiff in this case – and determined the issues and facts that the plaintiff adduces, hereby orders the following:

**ORDERED**

_____
_____
_____
_____

**FURTHER ORDERED**

_____
_____
_____

P. L. Friedman, Judge

This ____ day of _____, 200 ____