IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL B. DORSEY,           *

       Plaintiff,           *      Civil Action No.  07-0885 (PLF)

v.                            *

                            *

AMERICAN EXPRESS CO., ET AL.,  *

       Defendants.      *

*   *   *   *   *   *   *   *   *   *   *   *

**OPPOSITION TO PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant, Citibank, N.A. (hereinafter, "Citibank" or "Defendant"), by and through its

undersigned attorneys, hereby files this Opposition to Plaintiff's Motion for Leave to File Second

Amended Complaint and states as follows:

**I.      INTRODUCTION**

Plaintiff is again moving to amend his complaint in this action.  This time, he seeks to

add Mark Dorsey as a plaintiff after the parties engaged in early mediation.  In addition, Plaintiff

seeks to add a claim against Citibank and other unknown parties for what he believes to be a

bogus $130 charge on his Citibank checking account.  Plaintiff has already been granted leave to

amend his complaint and his new allegations against Citibank are improper in this action.  Due to

Plaintiff's failure to cure any problems with his claims by an amendment previously allowed, the

undue delay and undue prejudice that would result to Citibank in having to defend a completely

new charge, unrelated to the present cause of action, for which Plaintiff claims damages of only

$130, and the futility of Plaintiff's proposed amendments due to the vague and incomprehensible

nature of the amendments, Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied.

## II.    BACKGROUND

On April 10, 2007, Plaintiff, Michael Dorsey ("Plaintiff") filed a pro se Complaint in the Superior Court for the District of Columbia against American Express and Citibank.  American Express removed the case to this Court on May 11, 2007.   In January 2008, Plaintiff and America Express entered into a Stipulation of Dismissal and Citibank is the sole remaining defendant.  Plaintiff and Citibank mediated this case before Magistrate Judge Kay on February 25, 2008.  Now, Plaintiff seeks to again amend his complaint.

## III.    ARGUMENT

Federal Rule of Civil Procedure 15(a) allows from amendments to pleadings.  Specifically, the party may amend its complaint "once as a matter of course: (a) before being served with a responsive pleading; or (b) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Fed. R. Civ. Proc. 15(a)(1).  However, all other amendments require the opposing party's consent or leave of court. Rule 15 does provide that "the court should freely give leave when justice so requires." 15(a)(2). Not surprisingly, the case law demonstrates that the decision to grant or deny a party's request to amend its complaint rests within the sound discretion of the District Court.  *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227 (1962); *Adair v. Johnson*, 216 F.R.D. 183, 186 (D.D.C. 2003), citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  However, the Supreme Court has provided the courts with several factors to consider in determining whether leave to amend should be granted.  *Id.*  Those factors are as follows:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated
> failure to cure deficiencies by amendments previously allowed, undue

> prejudice to the opposing party by virtue of the allowance of the
> amendment, futility of amendment, etc.

*Id.*  This Court utilizes the analysis set forth in *Foman* in determining whether to grant or deny

motions for leave to amend.  *See, e.g., Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004);

*Hoffmann v. United States*, 266 F.Supp.2d 27, 32 (D.D.C. 2003) (Kennedy, J.); *Adair*, 216

F.R.D. at 186; *Zandford v. Nat. Ass'n of Securities Dealers, Inc.*, 19 F.Supp.2d 4, 9 (D.D.C.

1998); *Societe Liz, S.A. v. Charles of the Ritz Group, Ltd.,* 118 F.R.D. 2, 4 (D.D.C. 1987).

Indeed, the non-moving party generally bears the burden in persuading the court to deny

leave to amend.  *Nwachukwu*, 222 F.R.D. at 211.  Although the general rule is to freely grant

amendments, this Court has considered and denied numerous motions for leave to amend

complaints based upon a review of the *Foman* factors and other decisions of the Court.  *See, e.g.,*

*Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977), *cert. denied*, 435 U.S. 969, 98 S.Ct. 1607,

56 L.Ed.2d 59 (1978); *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243,

248 (D.C. Cir. 1987); *Wilderness Society v. Griles*, 824 F.2d 4, 19 (D.C. Cir. 1987); *Hoffmann v.*

*United States*, 266 F.Supp.2d 27, 32 (D.D.C. 2003); *City of Williams v. Dombeck,* 203 F.R.D. 10,

11-12 (D.D.C. 2001)

Thus, Citibank will review and address each of the *Foman* factors in support of its

Opposition to Plaintiff's Motion to for Leave to File Second Amended Complaint.

### A.     Absence of Adequate Reason for Granting Amendment "When Justice So Requires".

Pursuant to Fed. R. Civ. Proc. 15(a)(2), the "court should freely give leave when justice

so requires."  However, most courts first consider the movant's reason for any delay in seeking

an amendment.  *See Doe*, 566 F.2d at 720 (motion for leave to amend denied in part because

there was "no sound reason for the appellants' failure to seek amendment earlier.").  In his

motion for leave to amend, Plaintiff fails to provide a reasoned explanation as to why he failed to add his son as a plaintiff in his first amended complaint and why he now seeks to add wholly new and unconnected claims to his complaint. Indeed, Plaintiff was already on notice of the need for his son to be joined as a plaintiff when Citibank filed its Motion to Dismiss in May of 2007 and arguably at the time he filed his original complaint as his son is specifically reference in the complaint.

In the motion for leave to amend (hereinafter, the "Motion"), Plaintiff initially argues that his first amendment was not actually an amendment. However, he now seeks leave to amend his complaint to add his son because "plaintiff's son was harmed by Citibank, as Citibank admits an obligation was to Mark Dorsey." Motion, p. 1. As for his other proposed amendments to add new claims and defendants, Plaintiff alleges, "Citibank engaged in a breach of trust when a promise was made to provide a video of an ATM transaction at the Bank of China in Beijing, China....[and] Citibank allows bank card merchants to coalesce with and allow thieves and rogues in China to engage in confidence games...[and] Citibank charges NSF fees as a revenue-generating tactical device when bank cards are used to make purchases." Motion, p. 1. However, Plaintiff makes no attempt to explain or clarify legal grounds for and legal basis of these amendments.

**B.    Undue Delay.**

Another of the *Foman* factors for this Court to consider is undue delay. In *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996), this Court held that "*Foman* and our case law also make clear that undue delay is a sufficient reason for denying leave to amend." 73 F.3d at 426, *citing Foman*, 371 U.S. at 182, 83 S.Ct. at 230 and *Doe*, 566 F.2d at 720. This Court has denied and the U.S. Court of Appeals for the D.C. Circuit has upheld numerous motions for

leave to amend when one factor is undue delay. *See, e.g., Hoffmann, Societe Liz, Williamsburg Wax Museum, supra.*

As previously stated, this case has been pending for a year.  In May 2007, Citibank filed a motion to dismiss due to, among other things, the fact that the proper party, Plaintiff's son Mark Dorsey, was not named in the lawsuit.  Plaintiff was granted leave to amend, but he did not add Mark Dorsey; rather he attempted to clarify the claims made in the original complaint.  In addition, on February 25, 2008, this case was mediated before Judge Kay, who appointed Plaintiff an attorney solely for the mediation.  The case did not settle and Plaintiff did not move to amend his complaint at that time.

Plaintiff's actions are clearly an attempt to unduly delay this matter with a new party and new claims not connected with this action, a year after the complaint was filed.

### C.     Bad Faith or Dilatory Motive on the Part of the Movant.

A party's bad faith or dilatory motive is another factor to consider when determining whether to grant or deny a motion for leave to amend.  Moreover, pertinent to the issues in this case *sub judice*, "a plaintiff, quite simply, cannot be permitted to circumvent the effects of summary judgment by amending the complaint every time a termination of the action threatens." *Hoffmann v. United States*, 266 F.Supp.2d 27, 34 (D.D.C. 2003), *citing Glesenkamp v. Nationwide Mutual Ins. Co.,* 71 F.R.D. 1, 4 (N.D. Cal. 1974), a*ff'd per curiam*, 540 F.2d 458 (9th Cir. 1976); *accord Local 472 of United Ass'n of Journeymen & Apprentices v. Georgia Power Co.,* 684 F.2d 721, 724-25 (11th Cir. 1982)(no abuse of discretion to deny motion to amend that "appears to be nothing more than an effort to avoid an adverse summary judgment ruling").

In this case, it is clear that Plaintiff's motion is nothing more than an attempt to salvage his ill-pled case.  As stated above, Plaintiff has been well aware of the facts pertinent to his case

since he filed the original complaint, yet he failed to add his son as a party even after Citibank's

motion to dismiss was filed in May 2007.  In addition, he seeks to add claims which are wholly

unconnected with the claims made in his original and amended complaints, which claims involve

a different Citibank account and seek to dispute a charge of $130 on his Citibank checking

account, an account different from the one at issue in his case.[1]  For all these reasons, Plaintiff's

proposed amendment demonstrates bad faith or at least dilatory conduct on his part.

### D. Repeated Failure to Cure Deficiencies by Amendments Previously Allowed.

As stated above, Plaintiff was previously allowed to amend his complaint.  Although

Citibank's motion to dismiss demonstrated that his son was a proper party, Plaintiff failed to add

or substitute his son a Plaintiff in this case when he previously amended his pleadings.

Incorporating the arguments made above, Plaintiff was aware of the pertinent facts at the time

the complaint was filed <u>and</u> at the time the amended complaint was filed.  See Complaint,

Amended Complaint and proposed second amended complaint.  Thus, Plaintiff failed to cure the

deficiencies in his pleading with the first amended complaint and over the course of the year that

this case has been pending.

### E. Undue Prejudice to the Opposing Party.

As illustrated above, Citibank will most certainly suffer undue prejudice by virtue of the

allowance of such an amendment to the complaint.  Although the general rule is to freely grant

amendments to pleadings, this Court, as well as others, has sustained the denial of requests to

amend complaints based upon undue prejudice, and other factors illustrated by the Supreme

Court in *Foman*.

---

[1] Plaintiff has also failed to provide Citibank with the account number for the account he believes is in dispute. Once that is established, Citibank may have defense as to Plaintiff's ability to even raise these new claims pertaining to his alleged checking account in a court of law under the terms and conditions of his deposit agreement with Citibank.

As demonstrated above, Citibank will certainly be prejudiced if this Court allows Plaintiff yet another opportunity to amend his complaint after Plaintiff has failed to do so in the year that this case has been pending. In addition, Citibank spent considerable time and attorneys' fees mediating this case prior to Plaintiff's proposed amendments. Finally, the proposed amended claims have no relation to the present claims and Plaintiff has not alleged when he learned of these new claims or even when the disputed charge was initially made on his checking account. See Proposed Am. Complaint. Such claims are simply vague and incomprehensible and merely serve to further delay this action, causing undue prejudice and delay upon this Court and Citibank.

### F.    Futility

The last of the *Foman* factors is "futility." This Court has explained that "[a]n amendment is futile if [the new claims] would not survive a motion to dismiss or for judgment on the pleadings." *Stith v. Chadbourne & Park, LLP*, 160 F.Supp.2d 1, 6 (D.D.C. 2001). There are several reasons why Plaintiff's proposed amendment would be futile. First, the proposed amendments are vague and do not provide Citibank with sufficient detail. In the proposed amended complaint, Plaintiff alleges that on September 17, 2007, Citibank "engaged in a breach of trust" when it promised to provide a videotape of an ATM transaction…." Proposed Am. Compl., p. 2, ¶ I. However, this is not the date of the apparent proposed disputed transaction, an illegible copy of which is attached to the Proposed Amended Complaint. In addition, Plaintiff seeks to add his son, Mark Dorsey, but his amended complaint does not allege any cause of action by Mark Dorsey against Citibank. Simply put, allowing the amended claims would be futile because they do not provide Citibank fair notice of what the claims are and the grounds for such claims. *See* FRCP 8; *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

## IV.    CONCLUSION

Defendant, Citibank, N.A, submits that it has met its burden to show that, under the factors set forth in *Foman v. Davis*, *supra,* Plaintiff's Motion for Leave to File Second Amended Complaint should be denied.

Respectfully submitted,

_____/s/_____
Tessa Laspia Frederick (#465519)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202
(410) 727-6464

Counsel for Defendant,
Citibank, N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of April 2008, a copy of the foregoing Defendant, Citibank's **Opposition to Motion for Leave to Amend Complaint** was sent via email to Plaintiff Michael Dorsey at ticket@ix.netcom.com  and first class mail, postage prepaid, to:

Michael B. Dorsey
1245 ½  Duncan Place, N.E.
Washington, D.C. 20002

Pro Se Plaintiff

_____/s/  *Tessa L. Frederick*_____
Tessa L. Frederick