IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| MICHAEL B. DORSEY, | * | |
| Plaintiff, | * | Civil Action No. 07-0885 (PLF) |
| v. | * | |
| | * | |
| AMERICAN EXPRESS CO., ET AL., | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO QUASH SUBPOENA

Defendant, Citibank, N.A., by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 45(c)(3), hereby files this motion to quash subpoena and states as follows.

### INTRODUCTION

Plaintiff, Michael Dorsey ("Plaintiff"), has served Citibank's counsel with a hand-crafted "Subpoena Duces Tecum." However, the subpoena violates Rule 45 and should be quashed. In addition, the Scheduling Order has not yet been entered in this case and the subpoena appears to be an invalid attempt to serve discovery on Citibank.

### BACKGROUND

On April 10, 2007, Plaintiff filed a pro se Complaint in the Superior Court for the District of Columbia against American Express and Citibank. American Express removed the case to this Court on May 11, 2007. Plaintiff and America Express entered into a Stipulation of Dismissal in January 2008. Citibank is the sole remaining defendant.

# ARGUMENT

## I.     Conducting Discovery in Federal Court.

As this court is well aware, but for the benefit of the *pro se* Plaintiff, discovery is governed by Federal Rules of Civil Procedure ("FRCP") 26 through 37.  Pursuant to FRCP 26(f) the parties are required to meet prior to the time in which a scheduling conference is held or a scheduling order is due.  Specifically, under the Local Rule 16.3 of this Court, "counsel (including any non prisoner *pro se* party) must confer in accordance with this Rule in Rule 26(f) … within twenty-one days before a scheduling conference is held or a scheduling order is due under Rule 16(b)…" to review a multitude of items as set forth by the rules.

Moreover, pursuant to Federal Rules of Civil Procedure 33(a) and 34(b), "without leave of court or written stipulation, interrogatories or request for documents may not be served prior to the time in which the parties have conferred as required by Rule 26(f).  On April 2, 2008, counsel for Citibank received the attached subpoena in the mail.  *See* subpoena, attached hereto as **Exhibit A**.

## II.     The Subpoena is Improper.

The subpoena fails to comply with Rule 45 for several reasons and must be quashed. First, it does not set out the text of Rule 45(c) and (d), as required by Rule 45(a)(1)(A)(iv). Second, it does not provide a reasonable time for responding the subpoena (less than 2 weeks). Third, the subpoena was not issued by the clerk's office as required by Rule 45(a)(3).  Finally, the subpoena is improper because it seeks not only documents, but also explanations from Citibank.  For example, although the subpoena is characterized as a subpoena "duces tecum," in the text of the subpoena, it states that "the purpose of these interrogatories is to solicit supporting details of facts regarding these matters."  Exh. A.  The subpoena seeks "reasons" for Citibank's

alleged decision to "debit this plaintiff's checking account for the $130 tea house charge." Exhibit A. A subpoena cannot be used to elicit written responses to questions posed in the subpoena.

### III. The Subpoena Seeks Information Not Relevant to this Case.

This case pertains to Plaintiff's claims against Citibank for its alleged failure to timely transfer funds from Plaintiff's son's Citibank account to Plaintiff's American Express card. Although Plaintiff has recently moved to amend his complaint again, there are no allegations in the existing Amended Complaint regarding the allegations made in the subpoena. The subpoena seeks information relating to what appears to be a debit card dispute on Plaintiff's Citibank bank (not VISA credit card) account. Exh. A. As is evident from the subpoena, the Plaintiff seeks information related to a disputed charge on his Citibank checking account made by a Beijing, China tea house. *Id.* This clearly has nothing to do with the facts of the case as recited in the Amended Complaint. Thus, the information sought by the subpoena is not relevant to this case.

### IV. The Subpoena Imposes an Undue Burden on Citibank.

Although Citibank understands that Plaintiff is acting *pro se*, the subpoena is confusing, does not provide enough information (like an account number) for Citibank to investigate such claims, and frankly is an improper attempt for Plaintiff to interject a $130 dispute on his Citibank account into this lawsuit. For these reasons and all the reasons stated above, the subpoena creates an undue burden on Citibank.

### **CONCLUSION**

For the foregoing reasons, Defendant, Citibank, respectfully requests that this Court grant its Motion to Quash subpoena and enter an order quashing Plaintiff's subpoena, attached as Exhibit A.

Respectfully submitted,

       /s/  *Tessa L. Frederick*
Tessa L. Frederick, Bar No. 465519
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

Attorneys for Defendant, Citibank, N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of April 2008, a copy of the foregoing Defendant, Citibank's **Motion to Quash Subpoena** was sent via email to Plaintiff Michael Dorsey at ticket@ix.netcom.com and first class mail, postage prepaid, to:

    Michael B. Dorsey
    1245 ½ Duncan Place, N.E.
    Washington, D.C. 20002

    Pro Se Plaintiff

       /s/  *Tessa L. Frederick*
    Tessa L. Frederick

# EXHIBIT A

Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

### SUBPOENA IN A CIVIL CASE

| | | |
|---|---|---|
| Michael B. Dorsey, Plaintiff, Pro Se | ) ) ) | Civil Action No. 07- 885 (PLF/AK) |
| vs<br>American Express Travel Related Services,<br>Et al, Defendants | ) ) ) | |

This Subpoena Duces Tecum is Hereby Issued to
CitiBank, Defendant in this Above Captioned Case
c/o Counsel of Record for CitiBank in this Captioned Case
Tessa L. Frederick, Esq.
Miles & Stockbridge, P C
10 Light Street
Baltimore, Md. 21202

March 31, 2008

APR 2 2008

MILES & STOCKBRIDGE P.C.
LITIGATION DEPARTMENT

Prefatory Remarks

This matter seeks information from the defendant, CitiBank via counsel for said defendant, CitiBank, and requires in an expeditious manner, production of documents from defendant CitiBank, and from the card company for which it has fiduciary relations – the card company that issued the bank card that the plaintiff's bank issued.

It is obvious that an independent reader of this document might not know the history of the complaint against the vendor of the tea house and the allegation of a confidence game perpetrated by the owner of the tea house and at least two Chinese ladies, including the waitress at the tea house – and might not be aware of the current allegation against the bank and the bank card issuer's failure to question the tea house owner, perhaps out of a concern for losing a customer. The bank and the bank card issuer are aware of the history of these charges – and the purpose of these interrogatories is to solicit supporting details of facts regarding these matters.

YOU ARE HEREBY COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

I

The reason why the decision was made to debit this plaintiff's checking account for the $130 tea house charge. The law requires and defendant CitiBank refused to explain the reasons;

II

The complete name and address of the tea house owner in Beijing that charged the plaintiff $130 for tea. Please provide the information typewritten in English;

∞ Page One of Two ∞

Subpoena Duces Tecum
Issued To CitiBank
Unites States District Court, District of Columbia
Civil Action No. 07- 885 (PLF/AK)
Page Two of Two

III
  The disclosure that CitiBank gave to this plaintiff that promulgates NSF charges would be assessed when ATM purchases are made and funds are not available rather than denying purchases;

IV
  All written and other communications to and from CitiBank and, the tea house of this controversy, including to and from the bank card company;

V
  The reason why a decision was made to provide permanent credit for the $130 tea purchase;

VI
  All communications and warnings by defendant CitiBank and the card company regarding fraud, confidence games, tricks and other culpable acts against cardholders and bank customers in China.

  The information should be submitted to Michael B. Dorsey, the plaintiff, by Noon, April 15, 2008 at:

601 Pennsylvania Avenue, N. W.
Suite 900, South Building
Washington, D.C. 20004

Paradigm
  *CitiBank and the bank card issuer become parties to the confidence game when or if they refuse to provide information that they hold or have access to by virtue of their relationship with the restaurant (tea house) owner. Their acts, moreover, will manifest culpability if they deliberately withhold information or otherwise evade providing the information that is sought in this request.*

Signed, _____
Michael B. Dorsey, Plaintiff Pro Se
1245 ½ Duncan Place, N. E.
Washington, D. C. 20002
(202) 250-0597 Mobile
(202) 434-8189 Office

This 31st day of March, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL B. DORSEY, | * | |
| Plaintiff, | * | Civil Action No. 07-0885 (PLF) |
| v. | * | |
| | * | |
| AMERICAN EXPRESS CO., ET AL., | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

Upon consideration of the Motion to Quash Subpoena filed by Citibank, N.A., any opposition thereto and any hearing thereon, it is this _____ day of _____, 2008 hereby ORDERED:

1. That Defendant Citibank's Motion to Quash Subpoena be, and hereby is, GRANTED; and it is further

ORDERED, that the subpoena issued by Plaintiff to Citibank is hereby QUASHED.

_____
Judge,
U.S. District Court for the District of Columbia