UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
MICHAEL B. DORSEY,                           )
                                                        )
                Plaintiff,                             )
                                                        )
        v.                                              )          Civil Action No. 07-0885 (PLF)
                                                        )
AMERICAN EXPRESS CO., et al.,            )
                                                        )
                Defendants.                          )
_____)


MEMORANDUM OPINION

                The plaintiff, Michael B. Dorsey, proceeding *pro se*, alleges that defendant

Citibank, N.A., ("Citibank") breached a fiduciary obligation to him by failing to process timely

an online payment to his American Express account.  This matter currently is before the Court on

Citibank's motion for summary judgment.  Upon careful consideration of the motion, the

opposition, the entire record in this case, and the relevant case law, the Court will grant

Citibank's motion.[1]


I.  BACKGROUND

                Michael Dorsey was the holder of an American Express credit card account

("Account").  On Saturday, September 30, 2006, Mr. Dorsey's son, Mark Dorsey, made an online

payment from his Citibank checking account to his father's American Express Account in the

_____

        [1]        The papers considered by the Court in connection with this motion include:
plaintiff's Clarified Amendment to Original Complaint ("Am. Compl."); plaintiff's Notice of
Proof of Damages ("Proof of Damages"); Citibank's Motion for Summary Judgment ("Mot.");
plaintiff's Opposition to Motion for Summary Judgment ("Opp."); and Citibank's Reply to
Opposition to Motion for Summary Judgment ("Rep.").

amount of $1,500 ("Payment").  <u>See</u> Mot., Memorandum in Support ("Mem.") at 2; <u>see</u> <u>also</u>

Mot., Ex. B, Affidavit of Joan Haslam ("Haslam Aff.") ¶ 3.  Citibank processed the Payment on

Monday, October 2, 2006, the next business day.  <u>See</u> <u>id.</u> ¶ 4.  Michael Dorsey's American

Express Account was credited with the Payment the following day, October 3, 2006.  <u>See</u> Mot.,

Ex. C, Affidavit of American Express Custodian ¶ 5.  Mr. Dorsey alleges that Citibank failed to

timely transfer the Payment from his son's bank account to his Account and profited from

holding the payment in the interim.  He further alleges that Citibank's failure to timely transfer

the Payment to his Account resulted in American Express's decision to cancel his credit card.

<u>See</u> Am. Compl. at 2.

On April 10, 2007, Michael Dorsey filed a complaint in the Superior Court of the

District of Columbia against Citibank and American Express.[2]  American Express removed the

case to this Court based on diversity jurisdiction.  <u>See</u> 28 U.S.C. § 1441(b).  American Express

and Mr. Dorsey have settled their dispute and Citibank is the sole remaining defendant.  <u>See</u> Dkt.

No. 20.  Although the amended complaint does not assert specific claims against Citibank, it

appears that Michael Dorsey alleges that Citibank (1) breached its contract with him by failing to

process the Payment in a timely fashion, and (2) breached and "concealed" a fiduciary duty owed

to him.  <u>See</u> Am. Compl. at 2.  Mr. Dorsey seeks damages from Citibank in the amount of

$240,000.  <u>See</u> Proof of Damages at 3.[3]

---

[2]      Michael Dorsey's son, Mark Dorsey, has not joined his father's suit against
American Express or Citibank.

[3]      To determine whether the allegations in the complaint satisfy the $75,000 amount
in controversy requirement for diversity jurisdiction, <u>see</u> 28 U.S.C. § 1332(a), the Court must
examine whether plaintiff's claim for damages is made in good faith.  <u>See</u> <u>St. Paul Mercury</u>
<u>Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 288 (1938).  If the Court finds that the claim is

## II. STANDARD OF REVIEW

Summary judgment may be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895. When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Electric Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (en banc); Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). On a motion for summary judgment, the Court must "eschew making credibility

---

made in good faith, "the sum claimed by the plaintiff controls." Id. It must appear to a legal certainty that the claim is for less than $75,000 to justify dismissal. Id. at 289. While the Court has serious doubts as to whether the amount of damages sought by Mr. Dorsey is even close to being reasonable, it need not determine whether there is a legal certainty that he cannot allege more than $75,000 in damages, because the Court concludes that his claims do not succeed on their merits.

determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  He is required to provide evidence that would permit a reasonable jury to find in his favor.  Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987).  If the nonmovant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 550 U.S. at 380 ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'") (quoting Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  To defeat a motion for summary judgment, a plaintiff must have more than "a scintilla of evidence to support his claims."  Freedman v. MCI Telecommunications Corp., 255 F.3d 840, 845 (D.C. Cir. 2001).

Because plaintiff is proceeding *pro se,* the Court reviews his filings under "less stringent standards than formal pleadings [or legal briefs] drafted by lawyers," Chandler v. W.E. Welch & Associates, Inc., 533 F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting Haines v. Kerner, 404 U.S. 519, 520, (1972)), and, when necessary, "examine[s] other pleadings to understand the nature and basis of [plaintiff's] *pro se* claims." Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002).

## III.  DISCUSSION

### A.  Breach of Contract Claim[4]

Michael Dorsey alleges that Citibank breached a contract with him when Citibank failed to process the Payment from Mark Dorsey's checking account to Michael Dorsey's American Express Account in a timely manner.  To prevail on a breach of contract claim, plaintiff must demonstrate that a contract existed, that plaintiff performed his contractual obligations, that defendant breached the contract, and that plaintiff suffered damages due to the breach.  See Greenwich Ins. Co. v. Ice Contrs., Inc., 541 F. Supp. 2d 327, 333 (D.D.C. 2008).  Michael Dorsey was not a party to the online Payment transaction between Mr. Dorsey's son, Mark Dorsey, and Citibank, nor is there evidence that Michael Dorsey had an account at Citibank.  Michael Dorsey has failed to provide the Court with any evidence of a valid contract between himself and Citibank.

In addition, even if Michael Dorsey had shown that he was in a contractual relationship with Citibank, the online Payment by Mr. Dorsey's son was timely.  Citibank's policies and procedures for online banking states that if an online payment falls on a Saturday, Citibank will take the money out of the account and electronically transmit it to the payee on the next business day.  See Haslam Aff. ¶ 6.  Because the Payment was made on a Saturday, Citibank

---

[4]     Citibank also argues that Michael Dorsey lacks standing to bring this action because he filed the complaint in his individual capacity while the credit card at issue is a business credit card in the name of "Michael B. Dorsey, Dorsey & Assoc., Inc."  See Mot. at 2, 11-12.  Neither party has given the Court sufficient evidence to determine what the relationship between Mr. Dorsey and Dorsey & Associates is and whether this relationship gives Mr. Dorsey standing to sue based on the facts alleged in this case.  For the purpose of the current motion, the Court will assume that Mr. Dorsey has standing.  Because it finds that his claims have no merit, it need not resolve the standing question.

processed the Payment timely on the next business day, which was a Monday.  This action was consistent with any contract that existed.  The Court will enter summary judgment in favor of Citibank on Mr. Dorsey's breach of contract claim.

### B.  Breach of Fiduciary Duty Claim

To prevail on a claim for breach of fiduciary duty, a plaintiff must prove facts sufficient to establish the following: (1) the defendant owed plaintiff a fiduciary duty; (2) defendant breached that duty; and (3) the breach proximately caused an injury.  See Paul v. Judicial Watch, Inc., 543 F. Supp. 2d 1, 5-6 (D.D.C. 2008).  While the mere existence of a contract typically does not create a fiduciary duty, a fiduciary relationship may exist "where circumstances show that the parties extended their relationship beyond the limits of the contractual obligations to a relationship founded upon trust and confidence."  Id. at 6.

According to Mr. Dorsey, Citibank breached and "concealed" a fiduciary duty when Citibank failed to make a timely transfer of the Payment to his Account, later leading to American Express's decision to cancel the Account.  See Am. Compl. at 2.  Citibank argues that it had no fiduciary duty to Michael Dorsey, and therefore could not have breached a fiduciary duty.  Citibank points out that the parties to the online Payment transaction were Mr. Dorsey's son, Mark Dorsey, and Citibank, *not* Michael Dorsey.  See Mem. at 7.[5]  Mr. Dorsey has made no

---

[5]     Mr. Dorsey argues that he established that Citibank owed him a fiduciary duty when "Citibank unsuccessfully proffered that in a motion to dismiss at the outset of this case . . ." See Opp. at 2.  Citibank previously filed a motion to dismiss for failure to state a claim or, in the alternative, for a more definite statement concerning Mr. Dorsey's allegations that Citibank breached a fiduciary obligation owed to him.  The Court denied the motion to dismiss, but ordered Mr. Dorsey to file an amended complaint.  See Memorandum Opinion and Order, Dkt. No. 12 at 1 (Aug. 2, 2007).  Mr. Dorsey has misunderstood the Court's denial of Citibank's motion to dismiss as the Court acknowledging that Citibank owed a fiduciary duty to him.  The

allegations that would support his argument that a fiduciary relationship existed between him and Citibank.  There is no basis from which to conclude that Citibank owed Mr. Dorsey a fiduciary duty.

Even if Mr. Dorsey were to establish a fiduciary duty between himself and Citibank, there is no basis from which to conclude that Citibank breached that duty.  As discussed above, Citibank processed the Payment timely.  Mr. Dorsey argues that "banks stringently punish customers because of one day late payments, regardless of weekends . . ." and that Citibank should be held to the same standard.  See Opp. at 2, 6.   While Mr. Dorsey disagrees with Citibank's online banking policies, the undisputed facts show that Citibank processed the payment in a timely fashion as defined by its own policies.  The Court will enter summary judgment in favor of Citibank on Mr. Dorsey's breach of fiduciary duty claim.

### C. Citibank's Request for Rule 11 Sanctions Against Mr. Dorsey

Citibank has moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure, alleging that Mr. Dorsey's claim is frivolous.  See Mot. at 12.  Rule 11 requires that an attorney or unrepresented party certify that his or her claim is not frivolous.  See FED. R. CIV. P. 11 (b).  "The Court has discretion to decide whether a Rule 11 violation has occurred and what sanctions should be imposed if there has been a violation."  Long v. Dep't of Justice, 207 F.R.D. 4, 6 (D.D.C. 2002); see also FED. R. CIV. P. 11 (c)(1).[6]  Although the Court questions the manner

Court did not rule on whether a fiduciary duty existed; rather, the Court gave Mr. Dorsey an opportunity to clarify his vague complaint.

[6]        Rule 11 requires the party requesting sanctions to file a separate "motion from any other motion describing the specific conduct that allegedly violates Rule 11(b)."  FED. R. CIV. P. 11(C)(2).  Citibank did not file a separate motion from its motion for summary judgment.

in which Mr. Dorsey investigated and prosecuted his claims, the Court acknowledges that Mr.

Dorsey is a *pro se* plaintiff who lacks the training possessed by a licensed attorney.  Therefore,

the Court will exercise its discretion to deny Citibank's request for Rule 11 sanctions.

### IV.  CONCLUSION

For the reasons set forth above, the Court will grant Citibank's Motion for

Summary Judgment and will deny Citibank's Motion for Rule 11 sanctions.  An Order consistent

with this Memorandum Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  January 29, 2010

---

Because the Court will deny Citibank's motion for Rule 11 sanctions, the Court need not
consider whether Citibank's procedural error is fatal to its motion.

8